**MINUTES [1:00]**
**December 1, 2023**

**ELIZABETH E. FOOTE**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| ALICIA SMITH, ET AL. | CIVIL ACTION NO. 23-1425 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| US HEALTH RESOURCES & SERVICES ADMINISTRATION, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

On December 1, 2023, the Court convened a status conference in the above captioned matter. Aaron Siri, Elizabeth Brehm, Kevin Mitchell, Walker Moller, and Charlotte Bergeron participated on behalf of the Plaintiffs. Jeremy Newman participated on behalf of the Defendants. Kellie Constantine is the law clerk in this matter, and any questions about these minutes may be directed to her.

The purpose of this conference was to address issues with Plaintiffs' pending motion for preliminary injunction (the "Motion") and to set the matter for a hearing. The Court began by acknowledging that only the Plaintiffs' filings are before the Court. The Court then shifted to a discussion of the specific issues it found with the Motion. The Court emphasized that it has not made a decision regarding the Motion; rather, the discussion of the issues was to guide the parties in future briefing of this matter.

First, the Court inquired whether one of the Plaintiffs, Emma Burkey, is a minor, and Mr. Mitchell stated that she is not. Also, the Court confirmed that two of the Plaintiffs, Alicia Smith and Caroline Bourque, are residents of Ruston, Louisiana and Youngsville, Louisiana, respectively. Then, the Court raised its concern regarding the standing of React19, Inc.

("React19"), and the Court inquired whether the Plaintiffs intend for this suit to be a class action. Mr. Moller stated that he is unsure whether they will pursue these claims as a class action, but he did note that an organizational plaintiff, like React19, has been deemed to have standing in a similar circumstance. Additionally, the Court noted that the Plaintiffs' filings seem to have stated that the people who would have a cause of action for damages are the same people who would have standing to challenge the constitutionality of the process; however, the Plaintiffs did not cite to legal authority on this issue. Thus, the Court requested that the Plaintiffs provide the Court with the law on whether these individuals are the same people for purposes of standing.

After addressing standing, the Court noted that for a motion for preliminary injunction to be granted, one must first show a likelihood of success on the merits. From the face of the pleadings, the Court finds, an argument supporting likelihood of success is lacking. The Court indicated that the process for submitting claims to the Countermeasures Injury Compensation Program ("CICP") and the resulting appeals process as outlined in Plaintiffs' filings were unclear. Furthermore, the Court expressed that it was unsure what the Fifth Amendment right was that the Plaintiffs were asserting. In other words, the Court found that the Plaintiffs had alleged disorganized causes of action. Mr. Mitchell stated that both procedural and substantive due process violations were alleged. As for procedural due process, Mr. Mitchell asserted that the entire CICP process is completed outside of court, and although a claimant can request reconsideration after a claim is decided, Mr. Mitchell averred there is no actual hearing and no opportunity to present evidence. The Court confirmed that it understands that the Plaintiffs believe CICP is an ineffective process, but

it needs the Plaintiffs to enumerate why such a process is a procedural due process violation. As for substantive due process, Mr. Mitchell acknowledged that Congress has the authority to implement a program that provides a substitute for an existing state or common law right, but Mr. Mitchell alleged that in previous cases, Congress has provided some type of just substitute. Here, however, Mr. Mitchell declared that there is no just substitute provided. Moreover, Mr. Mitchell claimed that individuals suing should have the right to a jury trial, but the Public Readiness and Emergency Preparedness Act ("PREP Act") and CICP strip them of this right.

The Court then inquired about the applicability of the pending case, *Securities and Exchange Commission v. Jarkesy*, before the Supreme Court of the United States. Mr. Newman stated that *Jarkesy* is inapplicable because it concerns the jury trial right when the government is bringing a claim against individuals. Conversely, this case involves individuals suing the government. This prompted the Court to clarify exactly who the Plaintiffs wish to bring their claims against. Mr. Mitchell responded that Plaintiffs are seeking alternative remedies: 1) move these CICP claims to Vaccine Court, or 2) implement sufficient constitutional protections so that the CICP will enable them to be heard on their claims. Mr. Siri clarified that Plaintiffs believe the immunity provided under the PREP Act is inextricably intertwined with the CICP; thus, Plaintiffs are requesting that the Court deem the statute unconstitutional. If the Court were to enjoin the statute, Mr. Siri continued, and the separate statutory requirements are met such that the Plaintiffs are required to go to Vaccine Court, the Plaintiffs would have to bring their claims in Vaccine Court. Conversely, if the other statutory mechanisms for the claims to go through Vaccine Court are not in

place, the Plaintiffs would be able to sue the manufacturers and the administrators of the COVID-19 vaccine. As things currently stand, Mr. Siri noted that COVID-19 injuries do not have to be litigated in Vaccine Court. The Court stated that Mr. Siri's summary of the relief sought was not clear from the Plaintiffs' filings; rather, the filings seemingly asked the Court to place these claims into Vaccine Court where there is also no jury trial.

Next, the Court noted that to be entitled to a preliminary injunction, in addition to proving likelihood of success on the merits, the applicants must show: a substantial threat that irreparable injury will result if the injunction is not granted, that the threatened injury outweighs the harm to the defendant, and that granting the injunction will not disserve the public. The Court highlighted that the Plaintiffs' pleadings do not address any of those issues. For example, the Court questioned whether the fact that the Plaintiffs' underlying claims are for money would belie the fact that Plaintiffs are claiming to suffer irreparable harm such that an injunction is necessary. The Court requested briefing on all issues that would entitle Plaintiffs to a preliminary injunction.

Then, the Court inquired about the Plaintiffs' claim that the prescriptive period of one year is unconstitutional. Mr. Moller stated that the prescriptive period has no discovery rule, yet some Plaintiffs have no symptoms until after one year of receiving the vaccine. Mr. Moller claimed that this a procedural and substantive due process violation because Plaintiffs do not have notice of the harm or the opportunity to be heard. The Court noted that the Plaintiffs will have to present evidence that shows that adverse symptoms to the COVID-19 vaccine may occur more than one year after the shot. Mr. Moller informed the

Court that the Plaintiffs do not necessarily know the harms that could occur because the vaccine testing was so brief.

The Court also asked whether the Plaintiffs plan to pursue multi-district litigation to which Mr. Siri responded that they are not currently intending to file suit on behalf of other individuals with similar claims. Finally, the Court inquired whether any discovery will be necessary prior to a hearing. Mr. Newman stated that the Defendants will not need discovery, nor do they feel an evidentiary hearing is necessary. Mr. Siri informed the Court that he is unsure at this time because Plaintiffs need to review the Defendants' response in order to gauge what facts are in dispute. The Court cautioned that the facts are not clearly alleged in the Plaintiffs' pleadings, nor is the relief that is sought clear from the pleadings.

Given the numerous issues raised in the conference and the various interests at stake, the Court set an extended timeline for briefing of this matter. The Court **ORDERED** the Defendants to file their opposition to the motion for preliminary injunction by **December 20, 2023**. The Plaintiffs must file their response to the Defendants' opposition by **January 19, 2024**; this briefing should include whether Plaintiffs will need any discovery in this matter and what evidence, if any, will be presented at the hearing. The Defendants' reply is due by **February 16, 2024.** The Court imposed a 45-page limit on the briefing in this matter. The Court **SET** a hearing for **March 21, 2024.** The Court informed the parties that if this were to be an evidentiary hearing where the parties plan to call witnesses, new rules may preclude the Court from holding this hearing by Zoom. If this were to be a non-evidentiary hearing, all parties indicated that they have no objection

to holding the hearing by Zoom. Lastly, the Defendants have until **April 15, 2024,** to file a response to the complaint. The pending motions for extensions of time, Record Documents 31 and 32, are **DENIED AS MOOT** based on the Court's scheduling order as outlined above.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE